UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAMI FARES,

    Defendant.

Case No. 17-cr-195-pp

---

**ORDER GRANTING GOVERNMENT'S UNOPPOSED MOTION
TO CORRECT ERROR IN JUDGMENT (DKT. NO. 22)**

---

On May 23, 2018, in the wake of his guilty plea, I sentenced the defendant. Dkt. No. 18. In the plea agreement, the parties had agreed both that the court would order the defendant to pay $250,000 in restitution and that the defendant would not oppose the court entering a judgment of forfeiture of $250,000. The plea agreement stated, however, that "[t]he United States Attorney's Office for the Eastern District of Wisconsin agrees to seek Department of Justice approval to have the net proceeds of any property forfeited in connection with this case applied to restitution." Dkt. No. 2 at 12, ¶31.

At the sentencing hearing on May 23, 2018, counsel for the government explained that in seeking both restitution and a forfeiture judgment, the government was not trying to recover $500,000 from the defendant. The $250,000 the government sought in restitution was the same $250,000 that the government sought in the forfeiture order. As I understood it, the point of

1

the parties' agreement was to give the government alternative methods of collecting the single amount of $250,000. At the sentencing hearing, I articulated that understanding by saying that the two collection methods constituted a "belt and suspenders" approach to collecting the one $250,000 sum.

After the sentencing hearing, my staff and I prepared the order of judgment. My staff prepared a "basic" criminal judgment order; the language on page 5 under "Schedule of Payments," beside the last box toward the bottom of the page, read, "The defendant shall forfeit the defendant's interest in the following property to the United States: $250,000, that the United States Marshal for the Eastern District of Wisconsin, or his duly appointed representative, shall seize." The language before the colon is the language in every Form AO 245B (rev. 09/11) Judgment in a Criminal Case. The language following the colon is standard language that I have been putting into any order of judgment that involves forfeiture.

I was concerned, however, that our "standard" forfeiture language could be read to mean that the Marshal would seize the $250,000 regardless of whether the defendant voluntarily paid the $250,000 restitution. Remembering what counsel for the government had emphasized at sentencing—that the government did not intend to collect $250,000 in restitution and collect another $250,000 in forfeiture, I added language in a parenthetical, as well as bolded language after the words "shall seize." The resulting language reads,

> "$250,000 (the same $250,000 which the defendant has agreed to pay in restitution), that the United States Marshal for the Eastern District of Wisconsin, or his duly appointed representative, shall seize **in the event the defendant does not make the restitution payments as required by this judgment.**"

My intent in adding this language was to clarify that the $250,000 forfeiture was not *in addition to* restitution.

On June 18, 2018, the government filed a motion titled "United States' Unopposed Motion to Correct Clerical Error in Judgment." Dkt. No. 22. The motion asks that I strike the entire paragraph that appears beside the last box on page 5 of the judgment. Id. at 1. The motion asserts that the language was added "in error," that it is inconsistent with the plea agreement, that it is inconsistent with the preliminary order of forfeiture and that it is inconsistent with the sentence I imposed. Id. at 1-2. The government also interpreted the language as an order requiring it to apply any forfeited money to the restitution; the government asserts that such an order violates 21 U.S.C. §853(h), 29 C.F.R. §9, and other provisions granting the Attorney General the sole authority to dispose of forfeited funds. Id. at 5. The government also argues that the provision could make it impossible for the government to execute the $250,000 forfeiture judgment, because the language of the provision would allow such execution only if the defendant missed a restitution payment; the government says that under the provision, it would "not be able to forfeit *any* property of the defendant if he stays current on his scheduled restitution payments." Id. at 8. Finally, the government states that the provision is unnecessary, "because the United States Attorney's Office has

3

already agreed, in the plea agreement, to seek DOJ approval to have the net proceeds of any forfeited property applied to the restitution." Id. at 9.

While the language the government challenges was not a "clerical error"—I added it deliberately—it does appear that I erred in adding it. And it appears that the error may have derived from another error I made earlier in the case.

On April 3, 2018, I issued the preliminary order of forfeiture. The government had provided me with a proposed order to use to grant the motion. Dkt. No. 10-1. I appreciate it when parties give me proposed orders, and I often use them. I routinely edit the government's proposed forfeiture orders, however, because they often contain arcane, prolix legalese. Sometimes I can't understand certain provisions. I edit them to try to make them readable and understandable to me, and to people (like defendants, their family members or other actors in the court system) who might see them and try to understand them. Usually I do not *add* language; I just edit the language that the government provided.

The government points out that here, my version of the preliminary order of forfeiture contained language "not requested in the United States' proposed preliminary order of forfeiture, authorizing the United States Marshals Service to seize funds." Dkt. No. 22 at 4, n.1. The government asserts that this language was not necessary, "because the United States sought only the entry of a money judgment of forfeiture, or related seizure, of any particular currency then known to exist." Id. The government is right; its proposed order did not

4

mention seizure. It provided only that I granted the government's motion for entry of a preliminary order of forfeiture, that I entered a money judgment of $250,000 against the defendant, and that I would recount the terms of the order in the criminal judgment. Dkt. No. 10-1. In the version I drafted, however, I added language, including an order that the Marshal should seize the currency. It is clear now that, in editing the language of the government's proposed order, I changed its meaning.

For the same reason that I shouldn't have added seizure language to the preliminary order of forfeiture, I shouldn't have used seizure language in the criminal judgment. Up to now, in any judgment in which the government asks me to include forfeiture provisions, I've listed the items to be forfeited on page five beside the last checked box, followed by the words "that the United States Marshal for the Eastern District of Wisconsin, or his duly appointed representative, shall seize." That language assumes, however, that *seizure* always will take place. It does not provide for the possibility that, while the defendant has forfeited his or her interest, there may never be a seizure.

It was that language—the "standard" language I've been using for criminal judgments involving forfeiture provisions—that caused me to add the language in the parentheses and in bold. Because I mistakenly included seizure language in the judgment, I thought I needed to clarify that language to reflect my understanding of the parties' agreement. I think that had I not included the seizure language in the judgment, I wouldn't have needed to clarify anything.

So: the preliminary order of forfeiture contains provisions that the government did not request (and that were not necessary). The judgment contains language that does not comport with what the parties agreed to in the plea agreement, and that the government believes is contrary to established law. I am going to issue an amended preliminary order of forfeiture. I also am going to grant the government's motion to amend the judgment. I have only one question.

As noted above, the government had provided me with a proposed preliminary order of forfeiture. Dkt. No. 10-1. In the last line of that proposed order, the government included a provision that "the terms of this Order shall be recounted in the Defendant's Judgment and Commitment Order." Id. Based on that, and based on oral requests I have received from other prosecutors in other cases to put forfeiture terms on the criminal order of judgment,[1] I assumed that the government wanted me to reference the forfeiture in this defendant's criminal judgment. The place in the AO Form 245B that provides for that information is page 5 at subparagraph F under "Schedule of Payments."

The first page of the government's motion to correct, however, asks me to strike every word of the paragraph following the checked box on page 5 of the judgment. That request seems to conflict with the provision in the government's proposed order of forfeiture that says that I would recount the

---
[1] I can't recall whether government counsel in this case orally asked me during the sentencing hearing to put the forfeiture in the criminal judgment, and I did not go back to listen to the recording of the sentencing hearing to refresh my recollection.

terms of the preliminary forfeiture order in the judgment. If I take out the entire paragraph (including the language before the colon, which is boilerplate standard language in every AO Form 245B), there will be no mention in the criminal judgment of forfeiture.

I wonder if perhaps what the government might prefer is that I (a) mark the last check box on page 5, (b) leave in the language before the colon, and (c) add after the colon: "$250,000." The full sentence then would read, "The defendant shall forfeit the defendant's interest in the following property to the United States: $250,000." On the other hand, perhaps the government does not believe that there needs to be a reference to the forfeiture in the criminal judgment.

I will grant the motion to amend the judgment, but will hold off on amending the forfeiture language in the judgment until counsel for the government can notify chambers whether the judgment ought to make reference to the forfeiture, and if so, whether the language I proposed above is acceptable.

The court **GRANTS** the government's unopposed motion to amend the judgment. Dkt. No. 22. Once it hears from the government, the court will issue an amended judgment.

Dated in Milwaukee, Wisconsin this 26th day of June, 2018.

BY THE COURT:

_____
HON. PAMELA PEPPER
**United States District Judge**